**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura M. Wells; Kelley L. Bradbury; Morgan M. Block; Melanie Haswood; Brian Gilmore; Bradley Ledford; Elie Lahhoud; Timothy Roberts; Elizabeth Trujillo; Devin Brennan; Dean Bausman; William Reynolds; and Nancy Farran,<br><br>Plaintiffs,<br><br>v.<br><br>American Polygraph Association; Barry Cushman; Charles Slupski; Pam Shaw; George Baranowski; Robert Peters; Walt Goodson; Jamie McCloughan; Raymond Nelson; Mike Gougler; Vickie T. Murphy-Carr; Chad Russell; Gordon L. Vaughan; Donald Krapohl; Robbie S. Bennett; Donnie Dutton; Lisa Jacocks; and Roy Ortiz,<br><br>Defendants. | No. CV-13-00607-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiffs' Emergency Motion for a Temporary Restraining Order and for Preliminary and Permanent Injunctions (Doc. 84), Plaintiff Melanie Haswood's Motion for a Hearing on an Emergency Temporary Restraining Order (Doc. 82), and Plaintiff Laura M. Wells' Motion for a Temporary Restraining Order (Doc. 20). For the reasons discussed below, these motions are denied without prejudice.

This case arises out of a variety of incidents surrounding the accreditation of the Polygraph School of Science (the "School") by the American Polygraph Association (the "APA"), an organization governing polygraph schools. (Doc. 24.)

1  As an initial matter, Plaintiffs' Motion for a TRO and for Preliminary and Permanent Injunctions fails as it is brought on behalf of the School as well as the individual plaintiffs, (Doc. 84), and the School is not a party to this action as of Plaintiffs' Amended Complaint (the "FAC"), (Doc. 24).

Additionally, Plaintiffs' pleadings neither allege any claim under this Court's jurisdiction nor provide any basis on which to grant a hearing or the relief sought.[1] Plaintiffs assert jurisdiction under 28 U.S.C. § 1332. (*Id.* at 2.) The Court has such jurisdiction over cases in which plaintiffs and defendants are citizens of different states and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. The Supreme Court has interpreted Section 1332 to require complete diversity between parties, where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996). Here, it is clear from the face of Plaintiffs' FAC that the action does not meet the requirement for complete diversity of citizenship. (Doc. 24 at 2–6.)

In their FAC, Plaintiffs allege that Defendants committed libel, slander, breach of contract, disparagement, discrimination, and negligent interference with a contract in their dealings with the School and with the Plaintiffs. (Doc. 24 at 2, 17–20.) Plaintiffs fail to specify any federal law claims that would give rise to jurisdiction in this Court. (*Id.*)

Finally, Plaintiffs fail to demonstrate any basis for their right to a hearing on their Motion or to the relief sought. A plaintiff must establish four elements in order to be granted a preliminary injunction, including "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat't Res. Def. Council,* 555 U.S. 7, 20 (2008), *see* Fed. R. Civ. P. 65. The Ninth Circuit considers all of the elements except for irreparable injury using a sliding scale approach, where "the elements of the preliminary injunction test are balanced, so that a stronger

---

[1] The pleadings also provide no indication of why the Court should allow these thirteen Plaintiffs to join their claims in this action.

showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The element of irreparable injury is not subject to balance; the moving party must "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter,* 555 U.S. at 23 (emphasis in original).

Plaintiffs state that they have satisfied these requirements but such conclusory statements are insufficient. Plaintiffs must actually make some demonstration that they have met these requirements through affidavits or admissible evidence. For example, while Plaintiffs assert that they will likely succeed on the merits of their claims, they provide no factual basis for this statement, and aside from asserting what appear to be generic claims arising from state law, offer no reason why this Court should rule that they will likely succeed on the merits. Until and unless Plaintiffs provide such arguments and evidence, they have not demonstrated their right to a hearing. Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Laura M. Wells' Motion for a Temporary Restraining Order (Doc. 20) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Melanie Haswood's Motion for a Hearing (Doc. 82) on Ms. Wells' Motion is **denied** without prejudice.

**IT IS FURTHER ORDED** that Plaintiffs' Emergency Motion for a Temporary Restraining Order and for Preliminary and Permanent Injunctions (Doc. 84) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Exceed Page Limit (Doc. 86) is denied as moot.

Dated this 20th day of September, 2013.

G. Murray Snow
United States District Judge