IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura M. Wells,<br><br>    Plaintiff,<br><br>v.<br><br>American Polygraph Association; et al.,<br><br>    Defendants. | No. CV-13-00607-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff Wells' Amended Complaint. (Doc. 128.) For the following reasons, the Motion is granted.

## BACKGROUND

This case arises from Defendant American Polygraph Association's ("APA") January 29, 2013 revocation of the Arizona Polygraph School's ("School") accreditation. Plaintiff Laura Wells purchased the School in 2007. (Doc. 120 ¶ 3.1.) She applied for APA accreditation of the School and was granted that accreditation on September 10, 2007. (*Id.* ¶ 3.2.) In February 2012, the School began to offer a pilot version of a hybrid polygraph course, combining both on-line and classroom instruction. (*Id.* ¶ 3.16.) According to the APA manual, member schools must notify the APA when they begin a new course. (*Id.* ¶ 3.17.) Wells alleges that she followed this protocol. (*Id.*) In May 2012, the School began their first official hybrid course and Wells alleges that she informed the APA of this change according to the procedures outlined in the APA manual. (*Id.* ¶ 3.19.) The School began additional hybrid courses in June 2012, August 2012, September 2012,

and January 2013 (*Id.* ¶¶ 3.2, 3.23–.25).

In October 2012, Defendant McLoughlan requested more information about the School's hybrid course. (*Id.* ¶ 3.29). On November 5 and 6, 2012, Defendant Ortiz performed an inspection of the School. (*Id.* ¶ 3.31.) On November 24, 2012, Wells alleges that Ortiz submitted his APA Polygraph School Inspection Report ("Report") which "contained numerous libelous statements regarding the school." (*Id.* ¶ 3.34.) The Report included statements suggesting that Wells had not sought APA approval to have hybrid courses at the School because she thought approval would take too long. (*Id.* ¶ 3.35.) The Report also included what Wells claims are false accusations about her experience as a practicing polygraphist and various deficiencies in the operation of the School. The Report stated that the hybrid course did not meet APA requirements. (*Id.* ¶ 3.45.) Wells asserts that the Report was inconsistent and failed to follow the rules of the APA procedural manual. (*Id.* ¶ 3.46.) In March 2013, Wells learned that the APA had revoked the School's accreditation in January 2013. (*Id.* ¶ 3.50.) In September 2013, Wells claims she received a letter from the APA threatening her with an investigation and the loss of her individual APA membership. (*Id.* ¶ 4.61.)

This case has an extensive procedural history. In relevant part, Wells and a number of Co-Plaintiffs filed the first Complaint in this action on March 25, 2013. (Doc. 1.) The Court dismissed Wells' Co-Plaintiffs and any claims Wells purported to bring on their behalf in an Order dated February 3, 2014. (Doc. 119 at 6.) The remaining claims in this action are Wells' antitrust claim asserting personal damages (*Id.* ¶¶ 4.62–.73), her libel and slander claims (*Id.* ¶¶ 4.1–.3), and her separate and individual claim for negligence (*Id.* ¶¶ 4.74–.84). Defendants now move to dismiss those remaining claims. (Doc. 128.)

**DISCUSSION**

**I.  Legal Standard**

Rule 12(b)(6) is designed to "test the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim

1  pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or counterclaim must
2  contain more than "labels and conclusions" or a "formulaic recitation of the elements of a
3  cause of action"; it must contain factual allegations sufficient to "raise a right to relief
4  above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
5  While "a complaint need not contain detailed factual allegations . . . it must plead
6  'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v.
7  DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550
8  U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that
9  allows the court to draw the reasonable inference that the defendant is liable for the
10 misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550
11 U.S. at 556). Plausibility requires "more than a sheer possibility that a defendant has
12 acted unlawfully." *Twombly*, 550 U.S. at 555. Accordingly, a plaintiff must do more than
13 employ "labels," "conclusions," or a "formulaic recitation of the elements of a cause of
14 action." *Id.*

15 When analyzing a complaint or counterclaim for failure to state a claim under
16 Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the
17 light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th
18 Cir. 1996). However, legal conclusions couched as factual allegations are not given a
19 presumption of truthfulness, and "conclusory allegations of law and unwarranted
20 inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d
21 696, 699 (9th Cir. 1998).

22 **II.   Antitrust Claim**

23 In her remaining antitrust claim, Wells states that she received a September 4,
24 2013 letter from the APA threatening her with an investigation and the loss of her
25 individual APA membership. (Doc. 120 ¶ 4.61.) She alleges that this threat violated § 2
26 of the Sherman Act, 15 U.S.C. § 2, and has caused her personal harm. Defendants move
27 to dismiss on the grounds that Plaintiff has failed to state a cognizable antitrust claim.
28 Section 2 of the Sherman act prohibits monopolization, attempts to monopolize, and

conspiracies to monopolize. *Id.* "The offense of monopoly under § 2 of the Sherman Act has two elements: (1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 481 (1992).

In her Complaint, Wells states that "Defendant APA enjoys monopoly power" (Doc. 120 ¶ 4.58) and that, following the School's loss of accreditation, she received a letter from the APA "threatening her with an investigation" and "the loss of her individual APA membership" (*Id.* ¶ 4.61). Plaintiff states no facts that connect the APA's alleged monopoly with the letter threatening the investigation or loss of her membership. She does not establish how the letter might plausibly constitute an illegal monopolistic act. In her Response to Defendants' Motion, Plaintiff does not address this issue, but instead appears to continue to reassert her already dismissed claims under Section 1 of the Sherman Act and her also dismissed claim on behalf of the School under Section 2. (Doc. 131 at 7–12.) Plaintiff has failed to state a plausible claim on behalf of herself under § 2 of the Sherman Act and thus her remaining antitrust claim is dismissed.

## II.     Libel and Slander Claims

Defendants next move to dismiss Plaintiff's two remaining libel claims and one remaining slander claim. "To be defamatory, a publication must be false and must bring the defamed person into disrepute, contempt, or ridicule, or must impeach plaintiff's honesty, integrity, virtue, or reputation." *Turner v. Devlin*, 174 Ariz. 201, 203–04, 848 P.2d 286, 288–89 (1993) (quoting *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 341, 783 P.2d 781, 787 (1989)). "To be actionable as a matter of law, defamatory statements must be published in such a manner that they reasonably relate to specific individuals . . . . While the individual need not be named, the burden rests on the plaintiff to show that the publication was "of and concerning" him." *Hansen v. Stoll*, 130 Ariz. 454, 458, 636 P.2d 1236, 1240 (Ct. App. 1981) (citing Restatement (Second) of Torts §§ 564, 617).

- 4 -

1 In her first remaining libel claim, Wells alleges that "APA Agent Ortiz did 2 intentionally make libelous statements in The Report causing extreme emotional distress, 3 monetary loss, humiliation and loss of reputation to the Plaintiff." (Doc. 120 ¶ 4.1.) 4 Plaintiff asserts that Agent Ortiz made a variety of objectionable statements in the Report. 5 (*Id.* ¶¶ 3.34–.45.) However, all but two of these statements concern the School and not 6 Wells. The first statement that regards Wells states, in response to Ortiz asking her who 7 at the APA had approved the hybrid courses, Wells claimed "[n]o one from the APA 8 gave me approval, if I had to wait for their approval it would take forever." (*Id.* ¶ 3.35.) 9 Plaintiff has failed to plausibly plead that this allegedly false statement called her into 10 disrepute or impeached her honesty, integrity, virtue or reputation.

11 The second statement alleges that "[e]ach primary course instructor does not have 12 sufficient documentation on file to verify that they meet or exceed" certain requirements, 13 including that she have a college degree and have taken a basic polygraph course. (*Id.* ¶ 14 3.37.) Wells is one of the two primary course instructors at the school and claims that she 15 does meet these requirements. (*Id.* ¶ 3.38.) She does not actually assert that she had the 16 required documentation of this on file at the time of the inspection, but instead states that 17 "[a]ll of Plaintiff Wells' academic degrees are all displayed on the walls of the school – 18 in plain sight." (*Id.*) Plaintiff has both failed to plead that the second statement was false 19 and to plausibly plead that this statement about what documentation she had on file at the 20 school called her into disrepute or impeached her honesty, integrity, virtue or reputation. 21 Thus, Plaintiff fails to state a claim for libel.

22 In her second remaining libel claim, Wells states that "APA Agents McCloughan 23 and Cushman did intentionally make libelous statements regarding The School's 24 accreditation status in e-mails sent to past students causing extreme emotional distress, 25 monetary loss, humiliation and loss of reputation to the Plaintiff." (Doc. 120 ¶ 4.3.) Wells 26 does not specify the contents of these alleged statements in this section of her Complaint, 27 but she refers elsewhere in her Complaint to an e-mail allegedly sent from Defendant 28 Cushman to a student, stating that the hybrid courses did not meet the APA standards.

1 (*Id.* ¶ 3.61.) Then, in a later e-mail to that same student, Wells alleges that Cushman told the student the School was "substandard." (*Id.* ¶ 3.62.)  Here, Plaintiff fails to establish that these statements actually concerned her and did not just concern the School. Therefore, she again fails to state a claim for libel.

In her remaining slander claim, Wells asserts that "APA Agent Baranowski did make verbal slanderous statements to past and present students of The School regarding the accreditation of The School causing extreme emotional distress, humiliation and loss of reputation to the Plaintiff." (Doc. 120 ¶ 4.2.) Wells does not specify the contents of any of these verbal statements. She claims that Defendant Baranowski sent a March 19, 2013 letter to hybrid course students "stating that they would not be approved for APA Membership based solely due to the fact that they took the Hybrid Course" and inferring "that The School's Hybrid Course students were inferior in their learning and capacity to perform polygraph examinations." (*Id.* ¶ 3.60.) Once again, Plaintiff does not establish that these statements concerned her. She fails to establish a claim of either slander or libel. Thus, Plaintiff's two remaining libel claims and one remaining slander claim are dismissed.

**III.   Negligence Claim**

Finally, Defendants move to dismiss Plaintiff's remaining negligence claim. To establish a claim for negligence, Wells must establish "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 214 Ariz. 141, 143, 150 P.3d 228, 230 (2007). "Under Arizona law, to sustain an action for negligence, plaintiffs must establish that 'there is a duty or obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct.'"  *Keams v. Tempe Technical Inst., Inc.*, 110 F.3d 44, 47 (9th Cir. 1997) (quoting *Hamman v. Cnty. of Maricopa*, 161 Ariz. 58, 775 P.2d 1122, 1125 (1989)).

/ / /

1  In her remaining negligence claim, Wells alleges that the APA "deviated from the acceptable standard of care required of an accrediting agency" by having a manual "which is internally contradictory, overly broad, internally inconsistent, vague, outdated, irrational and . . . generally so flawed as to be unusable." (Doc. 120 ¶¶ 4.74–.84.) This manual "is written with such insufficient definiteness and in such a manner that it encourages arbitrary and discriminatory enforcement by the Committee." (*Id.* ¶ 4.82.) She asserts that the flawed manual lead the School to be subjected "to abuse through selective enforcement." (*Id.* ¶ 4.83.)

Defendants move to dismiss on the grounds that Plaintiff has failed to establish that the APA owed her a duty as an accrediting agency. They cite *Keams v. Tempe Technical Institute, Inc.*, 110 F.3d at 45, in which the Ninth Circuit, interpreting Arizona law, held that an accrediting agency owed no duty of care to the students of the schools they accredit. Other federal courts have similarly refused to permit claims of negligent accreditation. *See, e.g.*, *Ambrose v. New England Ass'n of Sch. & Colls., Inc.*, 252 F.3d 488, 499 (1st Cir. 2001) (surveying decisions involving accreditation claims nationwide and finding that "[w]e very much doubt the existence of a cause of action for negligent accreditation on behalf of third parties"). Here, Plaintiff has provided no basis on which the Court should recognize that such a duty was owed personally to her as the director or owner of the School. Plaintiff does not address these arguments or even reference her negligence claim in her Response to Defendant's Motion. Plaintiff has failed to establish that the APA owed her a duty as an accrediting agency, and thus her negligence claim is dismissed. Therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

- 7 -

1 **IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff Wells' Amended Complaint (Doc. 128) is **granted**. The Clerk of Court shall terminate this action and enter judgment.

Dated this 28th day of July, 2014.

/s/ G. Murray Snow
G. Murray Snow
United States District Judge